# IN THE
# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | |
|---|---|
| ANDY AGUILAR, on behalf of himself and all others similarly situated,<br>    Plaintiff,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br>    Defendant. | Case No. 1:16-cv-01211-JES-JEH |

## ORDER AND OPINION

Now before the Court is the Defendant's, State Farm Mutual Automobile Insurance Company ("State Farm" or "State Farm Mutual"), Motion to Dismiss Plaintiff's Complaint (Doc. 12) pursuant to Fed. R. Civ. P. 8 and 12(b)(6). The Motion follows the Plaintiff's Amended Complaint (Doc. 11). The Motion is fully briefed, and for the reasons stated herein, the Motion is DENIED.

## BACKGROUND

The Plaintiff filed this case on June 10, 2016, under the Telephone Consumer Protection Act ("TCPA"). (Doc. 1). The Plaintiff alleges that State Farm Mutual set up a text service which resulted in his receiving text messages sent by an autodialer and prerecorded messages, both of both in violation of the TCPA. According to the Plaintiff, although he tried to "opt out" from receiving these messages, he continued to receive them. The Plaintiff also alleges that he confirmed both the text messages and phone calls with a State Farm customer service agent.

## LEGAL STANDARD

A complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). That statement must be sufficient to provide the defendant with "fair notice" of the claim and its basis. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). This means that (1) the complaint must describe the claim in sufficient detail to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests" and (2) its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a "speculative level." *EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007); *Twombly*, 550 U.S. at 555. Conclusory allegations are "not entitled to be assumed true." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (citing *Twombly*, 550 U.S. at 554-55 (2007)).

Courts have traditionally held that a complaint should not be dismissed unless it appears from the pleadings that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief. See *Conley v. Gibson*, 355 U.S. 41 (1957); *Gould v. Artisoft, Inc.*, 1 F.3d 544, 548 (7th Cir. 1993). For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff, its well-pleaded factual allegations are taken as true, and all reasonably-drawn inferences are drawn in favor of the plaintiff. See *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Hishon v. King & Spalding*, 467 U.S. 69 (1984); *Lanigan v. Village of East Hazel Crest*, 100 F.3d 467 (7th Cir. 1997); *M.C.M. Partners, Inc. v. Andrews-Bartlett & Assoc., Inc.*, 62 F.3d 967, 969 (7th Cir. 1995); *Early v. Bankers Life & Cas. Co.*, 959 F.2d 75 (7th Cir. 1992).

The complaint must not simply recite the elements of the claim without additional, independent facts "to raise a reasonable expectation that discovery will reveal evidence" of the

alleged misconduct. *Johansen v. Vivant, Inc.*, 2012 WL 6590551, *3 (N.D. Ill. December 18, 2012), citing *Twombly*, 550 U.S. at 556. A complaint should be construed broadly and liberally in conformity with the mandate in Fed. R. Civ. P. 8(f). More recently, the Supreme Court has phrased this standard as requiring a showing sufficient "to raise a right to relief beyond a speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007). Furthermore, the claim for relief must be "plausible on its face." *Id.*; *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1953 (2009).

## ANALYSIS

1. *Whether State Farm Mutual Made the Calls*

The Defendant argues that the Plaintiff's Complaint should be dismissed because the Plaintiff fails to sufficiently state a valid claim under the TCPA. First, the Defendant argues that the Plaintiff failed to allege direct liability, because the text messages were clearly sent by an independent contractor, not State Farm. Further, the Defendant argues that the Plaintiff fails to allege a vicarious liability theory that would implicate State Farm. The Plaintiff argues that his Amended Complaint properly alleges facts that indicate the caller was State Farm Mutual.

The TCPA addresses telephone solicitations. The TCPA provides that it is unlawful for a person to make any call "using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number . . . for which the party is charged for the call." 47 USC § 227(b)(1)(A)(i)-(iii); 47 C.F.R. § 64.1200. A caller using an automatic telephone dialing system ("ATDS") must have prior express consent by the person being called. § 227(b)(1)(A)(iii). A text message sent to a cell phone qualifies as a call as described in § 227. *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 667 (2016), *as revised* (Feb. 9, 2016). An ATDS is "equipment which has the capacity to store or produce telephone numbers to be called, using a

random or sequential number generator; and to dial such numbers." § 227(a)(1)(A)-(B). A seller is "the person or entity on whose behalf a telephone call or message is initiated for the purpose of encouraging the purchase or rental of . . . goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200(f)(9).

The FCC, which has the authority to promulgate regulations implementing the TCPA pursuant to 47 U.S.C. § 227(b)(2), has interpreted § 227 to mean that an individual who does not physically make a call is not directly liable under § 227(b) or (c). *In the Matter of the Joint Petition Filed by Dish Network, LLC,* 28 F.C.C. Rcd. 6574, 6582-83 (2013). A person who does not physically initiate calls, however, may nonetheless be held vicariously liable for violating § 227 under common law agency principles. *Id.* at 6584-93; see also, *Savanna Grp., Inc. v. Trynex, Inc.*, 2013 WL 4734004, at *5 (N.D. Ill. Sept. 3, 2013). For example, the Ruling distinguishes a telemarketer from a seller, explaining that a seller does not necessarily initiate a call placed by a third-party telemarketer. *Id.*

The Plaintiff's Amended Complaint includes the text messages he alleges were sent by State Farm Mutual:



(Doc. 11, p. 5). While the Defendants argue that these messages clearly show that independent contractor State Farm Agent LaShawnda Bryant – not State Farm Mutual – sent the text messages, the Court finds that the Plaintiff's allegations are not conclusory. Nor are his allegations "highly speculative and extremely vague" or fail to provide the Defendant with meaningful notice as to the substance of the claim. *Young v. Obaisi*, 2015 WL 8013437, at *3 (N.D. Ill. Dec. 7, 2015); *Kelleghan v. Underwood*, 350 F. App'x 68, 69 (7th Cir. 2009).

The Plaintiff states that the messages set forth above were placed by State Farm, concerned a State Farm insurance policy, and he did not consent to receive these messages. (Doc. 11, p. 6). The Plaintiff also states that although he did not reply "Yes" the texts continued, and continued even after he replied, "Stop." *Id.* The number provided to the Plaintiff in the text messages is a "888" number, are called "SF Alerts," and one of the messages contains a web

5

address for State Farm Mutual.[1] The Plaintiff also stated that the text messages were sent by an autodialer or ATDS, explaining that within a minute of sending "Stop" to the number, State Farm replied. The Plaintiff also states that these messages were "repetitive, template-based, and were automatically sent without any human involvement." *Id.*

Further, the Plaintiff's Amended Complaint states that he received phone calls "featuring prerecorded voice messages." *Id.* at 7. The Plaintiff stated that a prerecorded message identified the caller was from "State Farm." According to the Plaintiff, he called State Farm and a female representative affirmed that State Farm had been text messaging and calling the Plaintiff. *Id.* The Plaintiff states that the messages state "State Farm" and provide a means of contacting State Farm. Again, this is sufficiently plead and puts the Defendant on notice.

The Defendant, however, argues that these messages are from "your State Farm Agent, LaShawnda Bryant." The Defendant adds that the Plaintiff's own exhibit, which is an excerpt from the State Farm website, shows that an agent enrolls recipients into the text message alert program. (Doc. 15-1).[2] The Plaintiff's exhibit states: "Customers may ask their agent to enroll them in a text message alert program . . . and you will have an opportunity to confirm or decline the service via a reply to an initial text message you receive from your agent." (Doc. 15-1, p. 1). However, "simply presenting the Court with an alternative version of events does not establish that [the plaintiff] has failed to state a claim." *Izsak v. Draftkings, Inc.*, 191 F. Supp. 3d 900, 906

---

[1] The Plaintiff's Reponses includes an exhibit from State Farm's website that explains the texting program. (Doc. 15-1). State Farm's number is 78836 – "ST8FM."

[2] "The Court may consider additional facts alleged in the response to a motion to dismiss if the facts are consistent with the allegations of the complaint." *Baker v. Certified Payment Processing, L.P.*, 2016 WL 3360464, at *2 (C.D. Ill. June 1, 2016). The Court will consider the parties' exhibits to their briefings to the extent that they are consistent with the Amended Complaint.

(N.D. Ill. 2016). The Court finds that the other allegations in the Amended Complaint are sufficiently detailed and rise above a speculative level. The allegations in the Amended Complaint plausibly suggest that the Plaintiff has a right to relief, and that State Farm Mutual sent the messages.

 2. *Vicarious Liability*

Further, the Defendant argues that if State Farm did not initiate contact, it could be vicariously liable through its agent; however, the Defendant argues that the Plaintiff did not plead vicarious liability. The Plaintiff responds that his pleading sufficiently asserts vicarious liability because LaShawnda Bryant is referred to as "agent" in the texts he provides, and it can be assumed that there was apparent authority to send the messages. (Doc. 15, p. 9). The Defendant replies that the Plaintiff alleges no facts that support a reasonable belief that State Farm Mutual authorized LaShawnda Bryant as its agent to place the text messages and phone calls. The Defendants argue that there is no basis to hold State Farm Mutual liable under agency theory, because State Farm Mutual policy prohibits agents from the use of autodialers and texting customers without their consent.[3]

Vicarious liability can attach to a person who does not physically make the call if common law agency applies. *In the Matter of the Joint Petition Filed by Dish Network, LLC,* 28 F.C.C. Rcd. 6574, 6582-83 (2013). *Id.* at 6584-93. The Court has already determined that the

---

[3] The Defendants fail to cite where this policy is located. (Doc. 18, p. 6-7). In the attachment to their Motion, the parties include a transcript of a Northern District ruling on a motion to dismiss on similar grounds. (Doc. 12-1). The court in that case mentioned State Farm's written policy against fax solicitation. *Id.* at 7. However, neither party has provided the court with this written policy or explained how it differs from the text messaging policy – which parties do include in the briefings. Therefore, the Court will not address this exhibit at this time, as it is not consistent with the Amended Complaint, nor is the Defendant's argument articulated in a way the Court can address at this time.

Plaintiff has alleged sufficient facts to state a plausible claim that State Farm Mutual was the sender of the messages. Furthermore, reading the Amended Complaint in the light most favorable to the Plaintiff, the Court determines that the Plaintiff has stated a claim under the TCPA whether the messages are sent by State Farm Mutual or its agent, LaShawnda Bryant.

The Defendant points out that State Farm's website states that agents are independent contractor agents. (Doc. 15-2, p. 3). The Defendant contends that the State Farm agents enroll the individuals into the texting services. To stop the messages, the website informs users to text 78836, the same number from which the Plaintiff received his text messages. The portion of the website the Defendant indicates states the following:

> This opportunity is about potential employment with an independent contractor agent who solicits application for State Farm products and services, and does NOT result in employment with any of the State Farm Insurance Companies.

(Doc. 15-2, p. 3). The Defendant does not include the language about how independent contractors solicit application for State Farm Mutual products and services in their Reply, although it seems directly relevant to the Plaintiff's claim that he was unlawfully solicited. Also, the Defendant does not address the use of the term "agents" in State Farm Mutual's supposed policy against solicitation, or how common law agency law would not apply here. Therefore, the Defendant does not dispel the plausibility of the Plaintiff's claim that State Farm sent or authorized the messages.

The parties also cite two related State Farm Mutual cases from the Northern District, where the agent used a marketing company that generated prerecorded phone calls to potential customers. In the first case, the court found that the complaint failed to establish a formal agency relationship between the marketing company and State Farm Mutual. See *Smith v. State Farm Mut. Auto. Ins. Co.*, 2013 WL 5346430, at *3 (N.D. Ill. Sept. 23, 2013) ("She has not alleged

sufficient facts to reasonabl[y] infer an agency relationship between State Farm and Variable Marketing or to reasonabl[y] infer that State Farm is responsible for the alleged acts of its insurance agents.").

In the second case, the court found that the same plaintiff's new consolidated complaint "alleged sufficient facts to make it plausible that [the marketing company] was acting as State Farm's subagent when it placed the allegedly unlawful calls at issue." *Smith v. State Farm Mutual Automobile Insurance Company*, 30 F. Supp. 3d 765, at 775 (N.D. Illinois, 2014). They alleged sufficient facts to establish a level of control to make the existence of an agency relationship plausible. *Id*. at 776. Moreover, the court in the *Smith* case found that the consolidated complaint alleged facts to make a plausible claim that State Farm agents had State Farm's actual or apparent authority to use the marketing company. *Id*.

These cases differ from the present case because an agent utilized a marketing company. Here, the Plaintiff clearly states that State Farm sent the text messages including facts that lead to a reasonable inference that it was State Farm who sent the messages. The Plaintiff has satisfied his liberal pleading requirements.

3. *Autodialer and Prerecorded Voice Message*

Next, State farm argues that the facts alleged in the Complaint are inconsistent with the use of an autodialer and/or a prerecorded voice, as required by the TCPA. The Defendant argues that the Plaintiff merely speculates. According to the Defendant, the Plaintiff's vague allegations leave out facts and details that would provide State Farm with notice of its alleged unlawful conduct. The Plaintiff, on the other hand, argues that he sufficiently alleges use of the autodialer and prerecorded voice messages in his complaint.

The TCPA provides that it is unlawful for a person to make any call "using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number . . . for which the party is charged for the call." 47 USC § 227(b)(1)(A)(i)-(iii). The district courts are in disagreement whether a plaintiff stating a claim under the TCPA must allege specific details to support the use of an ATDS or prerecorded voice at the pleading stage. *Sojka v. DirectBuy, Inc.*, 35 F. Supp. 3d 996, 1002 (N.D. Ill. 2014). Some courts have determined that merely stating the elements of the TCPA without supporting details, or facts that give rise to a reasonable inference that an autodialer was used, is not sufficient to state a claim. See *Izsak v. Draftkings, Inc.*, 191 F. Supp. 3d 900, 904 (N.D. Ill. 2016).

    *a.    Autodialer*

The Defendant argues that the Plaintiff's Amended Complaint simply parrots the language of the TCPA and does not provide enough details to support the use of an autodialer. The Defendant contends that the Plaintiff must show that the messages were random and sent without human intervention. However, the Defendants argue that the messages were clearly not random. Under the TCPA, an ATDS, or automatic telephone dialing system, is defined as "equipment which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." § 227(a)(1)(A)-(B). As stated above, the number can come from a list of non-random numbers. See *2015 FCC Ruling*, 30 FCC Rcd. at 7972 para. 10, and 7974 para. 16. An ATDS is "any equipment that has the specified capacity to generate numbers and dial them without human intervention regardless of whether the numbers called are randomly or sequentially generated or come from calling lists." *2012 FCC Ruling*, 27 F.C.C. Rcd. at 15391, n. 5. See *Cartrette v. Time Warner Cable, Inc.*, 157 F.Supp.3d 448, 456-57, citing *2015 FCC Ruling,* 30 FCC Rcd. at 7972 para. 10, 7974 para. 16

10

(summarizing the FCC Rulings expanding upon the edition of ATDS software: "even when dialing a fixed set of numbers, equipment may nevertheless meet the autodialer definition."). Therefore, according to the FCC, the Plaintiff's number need not be randomly picked, but can be on a specific list of numbers.

Moreoever, in his Response to the Motion to Dismiss, the Plaintiff includes an excerpt from State Farm's website, which states that State Farm uses an "automatic dialing system to deliver text messages" and includes the citation to 47 C.F.R. § 64.1200. (Doc. 15-1, p. 2). The Plaintiff also alleges that these repetitive and template based messages were sent within a minute of his message, implying that they were automatically generated. Although the Defendant argues that these details are insufficient to show an ATDS was actually used, the Court finds that the allegations stated in the Plaintiff's Amended Complaint are sufficient for purposes of the Motion to Dismiss. See, e.g., *Torres v. Nat'l Enter. Sys., Inc.*, 2012 WL 3245520, at *3 (N.D. Ill. Aug. 7, 2012). In *Torres*, the defendant argued that the allegations in the complaint that the plaintiff received messages with a prerecorded voice does not necessarily mean that an automatic telephone dialing system was used. One of the reasons the court in that case denied the motion to dismiss was because it found that the defendant wanted "to address evidentiary issues that are premature at this juncture." *Id.* The court noted that "[a]t the summary judgment stage, Torres will need to point to sufficient evidence showing that the manner in which the Phone Calls were made to Torres violated the TCPA." *Id.*

As put forth by the Plaintiff's Complaint, it is plausible that the messages were sent by ATDS technology. Therefore, the Court finds that the Plaintiff has met his minimal burden of alleging the necessary facts to show State Farm Mutual used an ATDS. The Defendant is on notice that the Plaintiff will seek to prove that the Defendant used an ATDS and left prerecorded

11

messages on his phone. See *Johansen v. Vivant, Inc.*, 2012 WL 6590551, at *2 (N.D. Ill. Dec. 18, 2012) (the defendant was on notice because "the complaint plainly states that Plaintiff received at least two pre-recorded messages delivered to his cellular phone number via an ATDS").

### b. *Prerecorded Voice Messages*

The Plaintiff claims he received prerecorded phone calls from the Defendant. The Defendant argues that the Plaintiff's allegations are vague and conclusory, and he does not include the dates or times these calls were placed. Although he does not provide many details surrounding these phone calls, he alleges that he received them on "more than one occasion," includes some of their content, alleges that the messages featured a prerecorded voice message, and alleges that he confirmed these calls with a representative from State Farm. These allegations are consistent with his allegations of repeated text messages that he described as "repetitive" and "template-based." (Doc. 11, p. 6-7). The Plaintiff would plausibly be able to identify whether the voice messages were prerecorded based upon the content and frequency of the calls. See *U.S. v. Dish Network L.L.C.*, 754 F.Supp.2d 1004, 1007, citing *Kramer v. Autobytel, Inc.*, 759 F.Supp2d 1165, 2010 WL 5463116 (N.D. Cal. 2020) ("notice pleading standards do not require a plaintiff to allege details at the pleading stage about the time and context of every text message").

Therefore, when read in context with the other allegations in the Complaint, the Plaintiff provides more than a "formulaic recitation of the elements" *Johansen v. Vivant, Inc.*, 2012 WL 6590551, at *3 (N.D. Ill. Dec. 18, 2012), citing *Iqbal*, 556 U.S. at 678, 680 and *Twombly*, 550 U.S. at 555, 557. The Plaintiff need not plead all the facts necessary to support his claim, but needs to allege facts sufficient to make his claim plausible on its face. *Iqbal*, 556 U.S. at 678.

The Plaintiff has done so here. Accordingly, the Court finds that these facts sufficiently state a claim for the use of a prerecorded voice.

   4. *Confirmation Stop Messages*

In the Reply to the Plaintiff's Response, State Farm Mutual for the first time makes the argument that the confirmatory stop messages, a welcome message or a message that confirms that the receiver's cancellation of a text message program, do not violate the TCPA. The Defendant cites cases from other district courts and argues that the text messages, specifically those that state that "State Farm Alerts is canceled," cannot be considered unsolicited telemarketing. (Doc. 13, p. 13, N. 7).

Indeed, some courts have found that confirmatory message are not unsolicited telemarketing or the type of harm that the TCPA was intended to address. *Ibey v. Taco Bell Corp.*, 2012 WL 2401972, at *3 (S.D. Cal. June 18, 2012); *Derby v. AOL, Inc.*, 2015 WL 5316403, at *4 (N.D. Cal. Sept. 1, 2015). Instead, the purpose of the TCPA is "to prevent unsolicited automated telemarketing and bulk communications" resulting in an invasion of privacy. *Ibey*, 2012 WL at *3, citing *S. Rep. 102–178, at 4–5 (1991), as reprinted in* 1991 U.S.C.C.A.N.1968, 1972. In *Ibey*, however, the plaintiff initially texted the defendant. Therefore the court in that case determined there was not a concern that there was an invasion of privacy. In *Derby*, the plaintiff consented to receive notifications of an AOL messaging system that sent internet messages as texts. *Derby*, 2015 WL at *4. In that case, a user inputs the recipient's name, composes a message, and directs the AOL messaging system to send the message. *Id.* at *5. That case is distinguishable from the case at hand; even if a State Farm Agent entered the Plaintiff's information, the Plaintiff states that he "did not sign up for or ask to receive text messages from State Farm." (Doc. 11, p. 6).

State Farm's website informs users that they will receive an automatic reply when they send a "stop" message to the State Farm Alerts number:

> **By enrolling in this subscription program, you consent that following such a request to unsubscribe, you will receive one (1) final message from State Farm confirming that you have been inactivated in our system. Following such confirmation message, no additional text messages will be sent unless you re-activate your subscription.**

(Doc. 15-1, p. 1) (emphasis in original). The Plaintiff alleges that following the confirmation message, he received additional text messages. Thus, even supposing the confirmatory stop messages cannot be considered TCPA violations, the Plaintiff has adequately stated a claim that the other messages were TCPA violations.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss (Doc. 12) is DENIED.

Signed on this  10  day of March , 2017.

                                            s/James E. Shadid
                                            James E. Shadid
                                            Chief United States District Judge